## NATHAN E. ROBERTS, appellant v. SILAS C. GAREN, appellee.

*Appeal from Wayne.*

A promise by a purchaser of a portion of the public lands of the U. S., made subsequent to his purchase, to pay for improvements made thereon previous thereto, is without consideration and void.

In an action to recover upon a promise to pay for improvements made upon the public lands of the U. S., it is incumbent upon the plaintiff to prove not only the promise of the defendant, but that the improvements which are the consideration of the promise, were at the time the contract was entered into, upon the lands of the government.

Where a witness is sworn in chief, he is bound to state all the facts in his knowledge, that are applicable to the case, and that can be proved by parol; and it can make no difference whether such testimony is given in answer to the interrogatories of the party against whom it operates, or not.

O. B. FICKLIN, for the appellant.

WILSON, Chief Justice, delivered the opinion of the Court:

This action was brought upon a promise to pay for an improvement upon Congress land. Upon the trial of the cause, the defendant's counsel moved the Court to instruct the jury, " That if it appeared from the evidence adduced by the plaintiff, that the defendant had entered the land before the promise to pay for said improvement, was proved to have been made, that then they must find for the defendant." This instruction the Court refused, but instructed the jury that if such evidence was given by any witness without being called for by the plaintiff, they must not regard it, otherwise they should.

The refusal of the Court to give the instructions asked for, and also the giving the instructions which it did give, are assigned for error by the defendant. The principle is uncontroverted, that a promise that is not founded upon either a legal or moral obligation, is not binding in law; and in the case of Carson v. Clark,(1) this Court decided, that a promise made by a purchaser of government land, to pay for improvements upon such land, was a promise within this rule, and therefore void, where the promise was made after the promisor had acquired title to the land and improvements by purchase from the government. It was incumbent, then, upon the plaintiff in this case, to have proved not only the promise of the defendant, but that the improvements, which were the consideration of the promise, were at the time the contract was entered into, upon the land of the government, and not upon the land of the defendant. If he had failed in making out either of these points, he was not entitled to recover; and any testimony which showed the promise of the

(1) *Ante* 113.

defendant to have been subsequent to his purchase of the land upon which the improvements were made, was entitled to equal weight, whether adduced by the plaintiff or defendant. If the plaintiff's own testimony show a state of facts which defeats his title to recover, the defendant is entitled to the benefit of it, and is under no obligation to adduce testimony by way of confirmation, and to make assurance doubly sure. The Court erred therefore in refusing the instructions asked for, and also in the instructions which it gave. The distinction drawn by the Court in this instruction, with respect to the different degrees of credit which the jury should give to those statements of the plaintiff's witnesses which were drawn from them by his interrogatories or examination, and such as were voluntarily made, or made upon the cross examination of the defendant, is without any foundation. The circumstance of a witness' being called to support the plaintiff's cause, does not render illegal, or discredit, such portions of his testimony as may make against his cause, whether the facts were brought out by the plaintiff's examination or otherwise. When a witness is sworn in chief, he is bound to state all the facts in his knowledge, that are applicable to the case, and may legally be proved by parol, and neither the Court nor the party calling him, can separate his testimony, and take such part as they may like, and reject the balance.

The judgment of the Circuit Court is reversed with costs; and the cause is remanded with directions that the Court proceed to rehear the case conformably to this opinion.

*Judgment reversed.*